The opinion of the Court was afterwards drawn up by
Parker C. J.
There is no such ambiguity in the complaint, as will let in parol evidence to prove that the damages were assessea for injury to land not within the premises described. The complainant averred that he was seised of two hundred acres of land through which Charles river runs, and that by means of the mill-dam thirty acres of good and valuable land belonging to him were flowed.[1] This, after verdict and judgment, must be taken to be part of the land described, — part of the two hundred acres. The evidence offered went to show that another parcel of land, not part of, nor even adjoining the two hundred acres, was taken into consideration by the jury, and that a portion of the damages was assessed for the injury done to this land, in which the plaintiff has no title. But this evidence cannot be admitted, for it contradicts the record, and would introduce the greatest uncertainty, nearly twenty years having elapsed since the judgment was rendered.
The proper remedy for the defendant was to have applied for a reduction of the damages; and that is now the only mode of relief left for him.

 By the Revised Statutes it is enacted, that “ the complaint,” in such case, ‘ shall contain such a description of the land, alleged to be flowed or injured, and such a statement of the damage, that the record of the case shall show, with sufficient certainty, the matter that shall have been heard and determined therein " e. 116, § 5.